**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JAMES E. WALKER,** | ) |
| **#R02343,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **KIM BUTLER,** | ) |
| **R. HARRINGTON,** | ) |
| **S. GODINEZ,** | ) |
| **J.R. BALDWIN,** | ) |
| **A. JOHNSON,** | ) |
| **Y. JOSEPH,** | ) |
| **K. ALLSUP,** | ) |
| **V. PAYNE,** | ) **Case No. 19−cv−00445−NJR** |
| **B. SPILLER,** | ) |
| **B. BRAMLET,** | ) |
| **T. KNUST,** | ) |
| **C/O ELLIS,** | ) |
| **DANA,** | ) |
| **J. CLENDENIN,** | ) |
| **C/O HANKS,** | ) |
| **C/O BERRY,** | ) |
| **C/O BEST,** | ) |
| **C/O MCCARTY,** | ) |
| **C/O ROWALD,** | ) |
| **JOHN DOE 1,** | ) |
| **JOHN DOE 2,** | ) |
| **JOHN DOE 3,** | ) |
| **JOHN DOE 4,** | ) |
| **JOHN DOE 5,** | ) |
| **JOHN DOE 6,** | ) |
| **JOHN DOE 7,** | ) |
| **JOHN DOE 8,** | ) |
| **JOHN DOE 9, and** | ) |
| **C/O SMOLAK,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**ROSENTENGEL, Chief Judge:**

Plaintiff James Walker, an inmate of the Illinois Department of Corrections ("IDOC") who is

currently incarcerated at Lawrence Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights while he was at Menard Correctional Center ("Menard"). Walker's original Complaint was dismissed for failure to state claim. (Doc. 9). He was granted leave to file an amended complaint, which he filed on August 23, 2019. Before the Court conducted a preliminary review of the First Amended Complaint (Doc. 13), Walker filed a Motion for Leave to File an Amended Complaint in order to add defendants to his First Amended Complaint. (Doc. 14). Walker also filed another Motion for Leave to File an Amended Complaint on October 2, 2019. (Doc. 16). Along with this second motion for leave to amend, he submitted to the Court a proposed amended complaint.

As it appears that Walker wishes to proceed with the latest version of the purposed amended complaint, the Court will deny the first Motion for Leave to File an Amended Complaint (Doc. 14), grant Walker's second Motion for Leave to Amend (Doc. 16) , and conduct a preliminary review of the proposed amended complaint filed with the Court on October 2, 2019, now designated the "Second Amended Complaint." Walker's Motion for Extension of Time (Doc. 12) to file an amended complaint will be denied as moot.

The Second Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**PRELIMINARY DISMISSALS**

In the Second Amended Complaint, Walker repeatedly claims that Salvador Godinez and John Baldwin, former directors of IDOC, Harrington and Butler, former wardens of Menard, and A. Johnson, an assistant warden at Menard "each are legally responsible for the operations of Menard

Correctional Center and the conduct of…" various defendant employees. But Walker cannot pursue a claim against a defendant based solely upon his or her supervisory role. The doctrine of *respondeat superior* does not apply to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Section 1983 liability requires personal responsibility for the deprivation of a constitutional right and attempting to assert personal liability by repeating the same statement that Godinez, Baldwin, Harrington, Butler, and Johnson "endorsed" such practice is not enough to suggest personal involvement. *See Palda v. General Dynamic Corp.*, 47 F.3d 872, 875 (7th Cir. 1995). Therefore, claims against these defendants based on their supervisory positions are dismissed.

To the extent that Walker is attempting to allege Godinez, Harrington, and Butler are liable because they concurred in the denial of his grievances, this claim also fails. "Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance." *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017). Furthermore, the Seventh Circuit has rejected the idea that liability extends to every prison official who is aware of an inmate's complaints. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir.2009). Therefore, the claim of liability based solely on the denial of his grievance is also dismissed against Godinez, Harrington, and Butler.

Because there are no further claims against them, Godinez, Baldwin, and Harrington will be dismissed from this action.

Defendants Joseph and Spiller will also be dismissed. Against Joseph, Walker claims that he made it difficult for Walker to: (1) use the institutional system to receive legal mail; (2) receive grievances in a timely manner; and (3) access the law library and legal exchange. These claims do not assert a constitutional violation and are not enough to show that Walker is entitled to relief. As to Spiller, Walker does not assert any allegations against him in the statement of claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Accordingly, Joseph and Spiller, and any claims against them, will be dismissed. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

<h3 style="text-align:center">SECOND AMENDED COMPLAINT</h3>

In the Second Amended Complaint, Walker alleges the following: During his time at Menard he was denied access to the courts by the conduct of various staff members, his grievances were repeatedly mishandled, and his legal mail opened without him being present.

From 2013 to 2016, Defendants Bramlet, Knust, and Clendenin of the law library did not provide Walker with legal assistance, proper copies of grievances or court documents, paper and pens, and adequate access to the law library so that he could conduct research in order to prepare for various motions and responses in his other court cases. Because of the lack of access to the law library and assistance, he missed court deadlines, and his habeas petition and defendants from other civil lawsuits were dismissed.

Specifically, on one occasion while using the law library, he was forced to leave by Defendant Ellis in order to use the bathroom in his cell and was not allowed to return to the library to continue his work. Walker was only allowed ten sheets of paper, two pens, and three large envelopes once a month, and Defendants Dana, Bramlet, and Knust denied his requests for additional supplies.

Defendant John Doe 1 of the mailroom mishandled his mail on several occasions causing Walker to miss court deadlines and pay extra postage fees to mail documents a second time.

In 2014, Walker submitted a Freedom of Information ("FOIA") request for records regarding lockdowns at Menard, which was denied. His requested a "legal exchange" to access documents in his excess property box so that he could prepare and seek review of the denial. Defendant Smolak denied his request, and he was not allowed a legal exchange until after the deadline to request a review. In November, Walker made additional requests to access "legal exchange," but his requests were denied by John Doe 2.

In February 2015, Walker did not receive copies of two motions he requested and was forced to rewrite both motions. Around the same time, he was scheduled for a legal exchange because he had a pending court deadline of March 13, 2015. His legal exchange was canceled and requests to schedule

a new date denied. He missed the court deadline and had to file a motion for an extension. Walker missed another court deadline in 2016, after placing a request to access the law library and legal exchange to retrieve exhibits. Both requests were ignored until after the deadline had passed.

In 2016, Clendenin denied Walker access to administrative directive rules in retaliation for Walker filing a grievance about privacy problems. His repeated requests for legal exchange to access his legal documents were denied by John Doe 8.

D<span style="font-variant: small-caps;">ISCUSSION</span>

Based on the allegations in the Second Amended Complaint, the Court designates the following seventeen Counts:

**Count 1:** First Amendment access to courts claim against Butler, Bramlet, Knust, and John Doe 1 for hindering Walker's ability to file a habeas petition and appeal in 2013 and 2014.

**Count 2:** First Amendment access to courts claim against John Doe 1 for withholding and untimely mailing Walker's legal documents in July and August 2013.

**Count 3:** First Amendment access to courts claim against Bramlet, Knust, and Ellis for denying Walker access to the law library to research in 2013.

**Count 4:** First Amendment access to courts claim against Bramlet and Knust for not providing Walker legal materials and adequate access to the law library in January, May, and June 2014.

**Count 5:** First Amendment access to courts claim against Dana, Bramlet, and Knust for denying Walker paper, pens, and envelopes in June 2014.

**Count 6:** First Amendment access to courts claim against Smolak for denying Walker's requests for a legal exchange to access lockdown records.

**Count 7:** First Amendment access to courts claim against John Doe 2 for denying Walker's request for access to legal exchange in November 2014.

**Count 8:** First Amendment access to courts claim against Clendenin for not copying two motions for Walker in February 2015.

**Count 9:** First Amendment access to courts claim against McCarty, Johnson, Hanks, Berry, Best, and Clendenin for causing Walker to miss a court deadline in 2015.

| | |
|---|---|
| **Count 10:** | First Amendment access to courts claim against John Doe 7 and Clendenin for denying Walker's request for law library and legal exchange in January 2016. |
| **Count 11:** | First Amendment access to courts claim against John Doe 8 for denying Walker's requests for legal exchange in June 2016. |
| **Count 12:** | First Amendment claim of retaliation against John Doe 3 and Butler for moving Walker to a smaller cell with worse living conditions in December 2014. |
| **Count 13:** | First Amendment claim of retaliation against Clendenin for refusing to copy Walker's envelopes in 2015. |
| **Count 14:** | First Amendment claim of retaliation against Clendenin for denying Walker's requests for the administrative directive rules and index for attorney calls in February 2016. |
| **Count 15:** | First Amendment access to courts claim against John Doe 4 for opening Walker's legal mail outside his presence. |
| **Count 16:** | First Amendment access to courts claim against John Doe 5 and Clendenin for Walker's legal mail being opened outside his presence in April 2015. |
| **Count 17:** | First Amendment access to courts and Fourteenth Amendment due process claim against Allsup, Payne, Butler, Bramlet, Knust, John Doe 6, Rowald, and John Doe 9 for the mishandling of grievances from 2013 until 2016. |

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Second Amended Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under Twombly.**[1]

---

[1] *See Twombly,* 550 U.S. at 570. (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face"). This includes any claims Walker asserts under the Fifth Amendment. He alleges violations of the Fifth Amendment, but offers no additional facts or associates this claim with any specific defendant. His general claims that lockdowns impeded and limited his ability to pursue his legal rights are also dismissed, as Walker must explain the connection between the lockdown and the underlying legal claim that was lost. *See Christopher v. Harbury,* 536 U.S. 403, 416 (2002).

**Access to Courts: Counts 1-11**

In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court held that as part of the state's affirmative duty to provide access to the courts they must "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828. "*Bounds* did not create an abstract, freestanding right to a law library or legal assistance," however. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). An inmate must demonstrate that his denial of access to the library or other legal assistance "hindered his efforts to pursue a legal claim." *Id*. Mere delay or inconvenience is not an unconstitutional detriment.

To state a claim for denial of access to the courts, a plaintiff must connect the defendants' conduct with his "inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted); *accord Guajardo Palma v. Martinson*, 622 F.3d 801, 805–06 (7th Cir. 2010). This requires a plaintiff to identify the underlying claim that was lost. *See Christopher*, 536 U.S. at 416; *Steidl v. Fermon*, 494 F.3d 623, 633 (7th Cir. 2007).

Count 1 will proceed against Bramlet and Knust who hindered Walker's ability to pursue his habeas petition by failing to supply copies of his petition and exhibits, legal assistance, information on how to file the petition, and notice that his petition had been dismissed, resulting in the dismissal of the petition and hindering his ability to file an appeal. Count 1 shall also proceed against John Doe 1 who failed to provide Walker notice that his habeas petition had been dismissed in 2014, hindering his ability to file a timely appeal. Count 1 will be dismissed as to Butler, who Walker claims denied him access to the courts, but does not state any allegations regarding her conduct. *See Palda v. Gen. Dynamic Corp.*, 47 F.3d 872, 875 (7th Cir. 1995).

Count 2 will proceed against John Doe 1, who Walker claims in 2013: (1) held his legal mail for over a month; (2) at times refused to send out legal mail; and (3) mailed documents untimely

7

resulting in the dismissal of a case before the Chancery Court of Cook County.

Count 3 will proceed against Bramlet, Knust, and Ellis for denying Walker access to the law library in 2013, preventing him from preparing response motions and resulting in the dismissal of a defendant from one of his cases.

Count 4 will proceed against Bramlet and Knust for failing to provide Walker legal materials and access to the library, resulting in a defendant being dismissed from his case in January 2014. His claims that Bramlet and Knust did not provide a notary for a FOIA complaint or access to the law library in May and June 2014 are dismissed without prejudice, as Walker does not allege any prejudice to his claim, other than not being able to return to the law library until weeks later.

Count 5 will be dismissed against Dana, Bramlet, and Knust for not providing paper, pens, and envelopes in June 2014, which prohibited Walker from responding and seeking review of grievance denials. Because "[p]rison grievance procedures are not mandated by the First Amendment…", *Owens v. Hinsley*, 635 F.3d 950, 953–54 (7th Cir. 2011), denying Walker writing materials did not prevent or hinder him from pursuing a legal claim.

Count 6 will also be dismissed. Walker claims that Defendant Smolak prevented him from properly pursuing a legal right by denying him access to his documents of lockdown records so that he could request a review of his Freedom of Information Act denial. Walker has not alleged that his access to the courts was hindered in some way by Smolak "with respect to contemplated or existing *litigation*[.]" *Lewis,* 518 U.S. at 348 (emphasis added).

Counts 7 and 8 are dismissed. Walker claims that the denial to access legal exchange by John Doe 2 "possibly caus[ed] a pending motion to be denied[]." He does not allege, however, that he was prejudiced by Clendenin's failure to make his copies of his motions, other than the inconvenience of rewriting the motions by hand. To assert an access to the courts violation, Walker must explain "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge[,]" *Ortiz,* 561 F.3d at 671, and "[s]peculative prejudice is not enough for an 'actual injury'".

*Hertel v. Miller-Lewis,* 695 F. App'x 957, 961 (7th Cir. 2017) (quoting *Rossi v. City of Chi.*, 790 F.3d 729, 736 (7th Cir. 2015).

Count 9 will proceed against McCarty, Johnson, Hanks, Berry, Best, and Clendenin for conduct that allegedly cause Walker to miss a court deadline in March 2015. *See Ortloff v. United States,* 335 F.3d 652, 656 (7th Cir. 2003).

Count 10 will not proceed against John Doe 7 and Clendenin for denying Walker's request for law library and legal property access in January 2016, and Count 11 will not proceed against John Doe 8 for denying Walker's requests to legal exchange in June 2016. Walker claims the actions of John Doe 7 and Clendenin caused him to miss a court deadline. He states, however, that their actions "caused a potential motion claim to fail or be denied[.]" He also claims that the actions of John Doe 8 "may have caused a potential claim …to fail[.]" Because Walker must assert more than a speculation of an injury, Counts 10 and 11 will be dismissed. *See Marshall v. Knight,* 445 F. 3d 965, 969-70 (7th Cir. 2006); *Hertel,* 695 F. App'x at 961.

### Retaliation: Counts 12-14

Prison officials may not retaliate against inmates for filing grievances, exercising First Amendment rights, or otherwise complaining about their conditions of confinement. *See, e.g., Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). To state a claim for retaliation, "a plaintiff must allege only enough to put the defendants on notice and enable them to respond[.]" *McElroy v. Lopac*, 403 F.3d 855, 858 (7th Cir. 2005).

Count 12 shall proceed against John Doe 3 and Butler for moving Walker to worse living conditions and canceling his sick call appointment in retaliation for filing a restraining order and grievances. Count 14 shall proceed against Clendenin for denying Walker access to certain library resources in February 2016 in retaliation for filing grievances.

Count 13 shall be dismissed, however, as Walker only claims that Clendenin did not copy his letters in "retaliation." While Walker is not required to plead "detailed factual allegations," he must

include in the Amended Complaint "more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft,* 556 U.S. at 678).

### Legal Mail: Counts 15-16

"An inmate has the right under the First Amendment to send and receive mail. . . but that right does not preclude prison officials from examining mail to ensure that it does not contain contraband." *Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005) (citations omitted). This can include official mail sent to an inmate by a court clerk. The Seventh Circuit has explained, "prison employees can open official mail sent by a court clerk to an inmate without infringing on any privacy right." *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996). However, "[t]o ensure adequate access to the courts, an inmate has the right to have 'legal' mail —mail designated as correspondence with an attorney—. . . opened in his presence." *Harrison v. Cty. of Cook, Ill.*, 364 F. App'x 250, 252 (7th Cir. 2010) (citing *Kaufman*, 419 F.3d at 686). Not every letter from a law office or the court qualifies as privileged legal communication to be opened in the presence of the inmate. *See Guajardo-Palma v. Martinson*, 622 F.3d 801, 805-806 (7th Cir. 2010); *Harrison*, 364 F. App'x at 253; *Martin v. Brewer*, 830 F.2d 76, 78 (7th Cir. 1987) (mail from a court is considered public record, and is not in the same category as correspondence between an inmate and an attorney).

Walker does not claim that any of the mail that was opened was from an attorney who either was representing him or from whom he sought legal representation, affording him the right to be present when the mail was opened. Construing the Amended Complaint liberally, and even assuming the "legal mail" was from an attorney representing Walker, he has not sufficiently alleged that the opening of any legal mail prejudiced or hindered his ability to pursue a legal claim or defense. Accordingly, Counts 15 and 16 will be dismissed.

### Grievances: Count 17

Walker claims that his grievances were mishandled in that: (1) copies were not always provided

and if they were, then they were not always clear; (2) on several occasions he did not receive a response or would not receive a response in a timely manner; (3) some grievances were improperly answered by another grievance officer and not by a supervisor; and (4) some grievances were not returned through institutional mail or were thrown away. He also claims that when his grievances were not properly addressed or responded to by Defendants, he was unable to exhaust his administrative remedies, thereby hindering his access to the courts.

Inmates, however, do not have a constitutional right to an effective grievance procedure. *Antonelli,* 81 F.3d at 1430. As such, the fact that prison officials denied, mishandled, or refused to consider grievances or claims raised by grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens,* 635 F.3d at 953. Additionally, the failure of prison officials to follow their own procedures does not, standing alone, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992). While an inmate does have the right to petition the government for redress of grievances, which includes access to the courts to present their complaints, Walker's access to the courts has not been impeded by the alleged actions, as the unavailability of administrative remedies is not a bar to potential litigants bringing their claims. *See Bridges v. Gilbert,* 557 F.3d 541, 553 (7th Cir. 2009); *Ross v. Blake,* 136 S.Ct. 1850, 1860 (2016). "Prison officials may not take unfair advantage of the exhaustion requirement,. . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) (citations omitted). Therefore, the failure to process his grievances has not impeded Walker's ability to access the courts or his due process rights, and Count 17 is dismissed.

### OFFICIAL CAPACITY CLAIMS

State officials named in their official capacities may not be sued for monetary damages in federal court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). Because Walker only seeks monetary damages, the official capacity

claims directed against the remaining defendants will be dismissed with prejudice.

## MOTIONS FOR RECRUITMENT OF COUNSEL

Walker has filed two motions asking the Court to recruit counsel on his behalf (Docs. 10 and 11), which are **DENIED**.[2] Walker discloses three unsuccessful efforts to contact attorneys via written correspondence. Accordingly, he appears to have made reasonable efforts to retain counsel on his own. With respect to his ability to pursue this action *pro se*, Walker indicates that he has learning problems and slow comprehension. He also states that the Court recruited counsel on his behalf in a previous law suit because he was unsuccessful on two occasions in filing his first amended complaint in that case. Nonetheless, the Court finds that Walker can proceed *pro se*, at least for now. Not only has Walker's Second Amended Complaint survived preliminary review, but a review of the docket demonstrates that his numerous pleadings demonstrate an ability to construct coherent sentences and relay information to the Court. Walker appears competent to try this matter without representation at this time. Once discovery has commenced, if Walker has significant difficulty, he may refile his motion.

## MOTIONS ON FILING FEE

Walker has filed two motions regarding his filing fee. (Docs. 15 and 17). In both motions, he claims that he is unable to pay the $ 0.51 initial partial filing fee and includes copies of his prisoner trust fund account. The motions will be denied as moot. The Court has not yet entered a deadline on the filing fee, and not until Defendants have been served and answered the Second Amended Complaint will the Court enter a deadline, which will be included in the initial scheduling order. Until then, Walker should make every effort to pay the initial partial filing fee.

## IDENTIFICATION OF UNKNOWN DEFENDANTS

As previously noted, Walker will be allowed to proceed with Counts 1 and 2 against John Doe

---

[2] In evaluating Walker's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

1, and Count 12 against John Doe 3. These defendants must be identified with particularity, however, before service of the Second Amended Complaint can be made on them. Walker will have the opportunity to engage in limited discovery to ascertain their identity. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). In that vein, the warden of Menard Correctional Center, Frank Lawrence, will be added to the docket in his official capacity only and shall be responsible for responding to discovery aimed at identifying these unknown defendants. Once the names of these individuals are discovered, Walker shall file a motion to substitute each newly identified defendant in place of the generic designations in the case caption and throughout the Second Amended Complaint.

### DISPOSITION

Pursuant to Rule 15, and after review of the Second Amended Complaint pursuant to 28 U.S.C. § 1915A, the Court **GRANTS** Walker's Motion for Leave to File an Amended Complaint (Doc. 16) filed on October 2, 2019. **Count 1** shall proceed against **Bramlet, Knust,** and **John Doe 1**, but is dismissed against **Butler**. **Count 2** shall proceed against **John Doe 1**. **Count 3** shall process against **Bramlet, Knust,** and **Ellis**. **Count 4** shall proceed against **Bramlet** and **Knust**. **Count 9** shall proceed against **McCarty, Johnson, Hanks, Berry, Best,** and **Clendenin**. **Count 12** shall proceed against **John Doe 3** and **Butler**. **Count 14** shall proceed against **Clendenin**. **Counts 5, 6, 7, 8, 10, 11, 13, 15, 16,** and **17** are dismissed without prejudice. Because there are no other claims against them, **Godinez, Baldwin, Harrington, Joseph, Spiller, Smolak, Dana, John Doe 2, John Doe 4, John Doe 5, John Doe 6, John Doe 7, John Doe 8, John Doe 9, Allsup, Payne,** and **Rowald** are **DISMISSED** from this action without prejudice. The Clerk of Court is **DIRECTED** to terminate them from the Case Management/Electronic Case Filing ("CM/ECF") system.

The Clerk of Court is **DIRECTED** to file the Second Amended Complaint and corresponding exhibits and to **ADD** the Warden of Menard Correctional Center, **Frank Lawrence**, in his official capacity only, for the purpose of responding to discovery aimed at identifying the unknown

corrections officers.

**IT IS ORDERED** that the motions seeking recruitment of counsel (Docs. 10 and 11) are **DENIED** without prejudice; the Motion for Extension of Time (Doc. 12) is **DENIED** as moot; the Motion for Leave to File an Amended Complaint (Doc. 14) filed on September 16, 2019, is **DENIED** as moot; and the motions regarding the initial partial filing fee (Docs. 15 and 17) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **Bramlet, Knust, Ellis McCarty, Johnson, Hanks, Berry, Best, Clendenin, Butler,** and **Lawrence** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Walker. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if a Defendant can no longer be found at the work address provided by Walker, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on the unknown defendants, **John Doe 1** and **John Doe 3,** until such time as Walker has identified each by name in a properly filed motion for substitution. Walker is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

With the exception of Defendant **Lawrence**, Defendants are **ORDERED** to timely file an

appropriate responsive pleading to the Second Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

**Lawrence** is ORDERED to timely enter his appearance. **Lawrence**, however, <u>does not need to file an Answer or other responsive pleading</u>. Once **Lawrence** enters his appearance, the Court will enter a discovery order setting guidelines for identifying the unknown defendants. **Lawrence** will be responsible for responding to discovery requests aimed at identifying the unknown defendants propounded in accord with this discovery order.

**IT IS ORDERED** that if judgment is rendered against Walker, and the judgment includes the payment of costs under Section 1915, Walker will be required to pay the full amount of the costs, whether or not his *in forma pauperis* application is granted. 28 U.S.C. § 1915(f)(2)(A).

Finally, Walker is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  December 12, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**