IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| James E. Walker, #R02343, | |
| Plaintiff, | |
| v. | Case No. 3:19-cv-00445-SPM |
| Alex Jones, Brad Bramlet, Tonya Knust, Kelly Ellis, Jennifer Clendenin, Mark Hanks, Nathan Berry, James Best, Nathan McCarthy, C/O Smolak, Anthony Wills, Bradley Warhausen,[1] Billy Sims, and Thomas T. Mezo, | |
| Defendants. | |

**MEMORANDUM AND ORDER**

This matter is before the Court on a motion to dismiss filed by Defendants. (Doc. 125).[2] Plaintiff James Walker filed a response. (Doc. 133). For the reasons explained below, the motion will be granted in part and denied in part.

---

[1] Defendant Warhausen's surname is misspelled on the Court's docket as "Warhasuen." (Docs. 79, 80, 125). The correct spelling will be used herein.
[2] Defendants Mezo and Sims each filed motions to join the instant motion to dismiss, which the Court granted. (Doc. 139).

1

## BACKGROUND

As this Court and others have recited, this case has a complicated history. *See Walker v. Thompson,* No. 21-cv-001173-SPM, Doc. 17 (S.D. Ill. Sept. 23, 2021); *Walker v. Butler*, No. 21-cv-1174-DWD, Doc. 15 (S.D. Ill. Mar. 28, 2022). This case commenced with Plaintiff James Walker originally filing a lawsuit in this district on July 16, 2015. *See Walker v. Unknown,* No. 15-cv-786-MAB (S.D. Ill.). In that case, the Court found that Walker's first three complaints violated Federal Rule of Civil Procedure 20's joinder requirements. *Unknown*, Doc. 7, 11, 17. Finally, counsel was recruited to represent Walker, and on February 26, 2016, recruited counsel filed an amended complaint. Walker's counsel in Case No. 15-cv-786-MAB also submitted three more proposed complaints on February 26, 2016 via email to the presiding Judge, which were to be severed into separate lawsuits. *Unknown*, Doc. 33. However, those proposed complaints were overlooked at the time and not severed or filed of record. It was not until April 23, 2019, that the Court severed the three proposed complaints into new actions. *Unknown,* Doc. 126. One of those severed cases was designated as this case, *Walker v. Butler*, No. 19-cv-00445-SPM.

On July 18, 2019, the Court dismissed the original Complaint for failure to state a claim and granted Walker leave to amend. (Doc. 9). Walker then filed two amended complaints, and, assuming that Walker wanted to proceed with the latest version, the Court conducted a preliminary review of the Second Amended Complaint on October 2, 2019. (Docs. 16, 21, 22).

On September 17, 2020, Walker sought leave to file his Third Amended

Complaint. (Docs. 76, 77, 103). Leave was granted, and after merits review of the Third Amended Complaint on September 22, 2021, the allegations that survived in this case are as follows:

| | |
|---|---|
| **Count 1:** | First Amendment access to courts against Bramlet, Knust, and Warhausen for hindering Walker's ability to file a habeas petition and appeal in 2013 and 2014. |
| **Count 2:** | First Amendment access to courts claim against Warhausen for withholding mail and untimely mailing Walker's legal documents in May, July, and August 2013. |
| **Count 3:** | First Amendment access to courts claim against Bramlet, Knust Ellis, and Smolak for denying Walker access to the law library to research in 2013. |
| **Count 4:** | First Amendment access to courts claim against Bramlet and Knust for not providing Walker legal materials and adequate access to law library in January 2014. |
| **Count 5:** | First Amendment access to courts claim against McCarthy, John Doe 3, John Doe 4, Jones, Hanks, Berry, Best, and Clendenin for causing Walker to miss a court deadline in 2015 (previously Count 9). |
| **Count 6:** | First Amendment access to courts claim against John Doe 7 and Clendenin for denying Walker access to the law library and legal exchange in January 2016 (previously Count 10). |
| **Count 15:** | First Amendment claim of retaliation against Clendenin for denying Walker's request for the administrative directive rules and index for attorney calls in February 2016 (previously Count 14). |

(Doc. 102, pp. 7-8, 14).[3]

On December 7, 2021, the Court granted Walker's motion to substitute

---

[3] The Court also severed Counts 8-14 and Count 16 of the Third Amended Complaint into five new cases. (Doc. 102, pp. 9-11, 14).

Defendant Billy Sims for John Does 3 and 4, and to substitute Defendant Thomas T. Mezo for John Doe 7. (Doc. 122).

Also on December 7, 2021, Defendants filed this motion to dismiss, on the grounds that the claims against Warhausen in Count 1, and all claims in Counts 2, 3, 4, 5, 6, and 15 are barred by the applicable two-year statute of limitations.[4]

## LEGAL STANDARDS

### 1. Standard for Motion to Dismiss under Rule 12(b)(6)

A statute of limitations defense can be raised in a Rule 12(b)(6) motion to dismiss if the allegations in the complaint contain everything needed to satisfy the affirmative defense. *Indep. Trust Corp. v. Stewart Infor. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012); *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009); FED. R. CIV. P. 12(b)(6). However, at the pleading stage, a court must take the factual allegations of a plaintiff's complaint as true, therefore all reasonable inferences will be drawn in favor of Walker. *Williamson v. Curran*, 714 F.3d 432, 435-36 (7th Cir. 2013) (citing *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013)). The motion to dismiss will be granted "only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012) (quoting *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004)). If the moving party shows there are no disputed issues of material fact, then the

---

[4] Defendants also argue that Count 7 should be dismissed. (Doc. 125, pp. 3, 6). This request is moot, however, because the Court previously dismissed Count 7 of the Third Amended Complaint in the screening order. (Doc. 102, p. 12).

4

motion will be granted. *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007).

## 2. Statute of Limitations under 42 U.S.C. § 1983

Section 1983 claims borrow the statute of limitations for personal injury torts from the state in which the alleged violation occurred. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998). Illinois' applicable statute of limitations is two years. *Kalimara v. Illinois Dep't of Corrections*, 879 F.2d 276, 277 (7th Cir. 1989). However, federal law determines the date of accrual for calculating the two-year period. *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992). "Generally, a claim accrues when the plaintiff knows or has reason to know of the injury giving rise to the cause of action." *Id*. Federal Courts also borrow the forum state's principles of tolling (suspension) of a statute of limitations. *Smith v. City of Chicago Heights*, 951 F.2d 834, 839-40 (7th Cir. 1992). Illinois statute requires tolling where "the commencement of an action is stayed by an injunction, order of the court, or statutory prohibition." 735 ILCS 5/13-216.

As relevant to the possible tolling of the two-year statute of limitations, federal statute prohibits the filing of a claim in court before a prisoner's complaint is fully reviewed through the prison grievance procedure. The Prisoner Litigation Reform Act ("PLRA") states, "no action shall be brought with respect to prison conditions [under federal law] by a prisoner…until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Under the PLRA, claims that have not been taken through a full round of administrative review cannot be brought to court. *Jones v. Bock*, 549 U.S. 199, 211 (2007). However, when an inmate goes through the proper

grievance procedures and does not receive any response, the administrative procedures are no longer available. *Walker v. Sheahan*, 526 F.3d 973, 979. When this happens, it is proper for the prisoner to file a complaint with the court. The Seventh Circuit has stated that federal courts must toll the statute of limitations period while an inmate is exhausting their administrative grievances. *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001). The tolling period starts when the prisoner files his grievance and ends when the administrative review process is over. *Hatch v. Briley*, 230 F. App'x 598, 599 (7th Cir. 2007).

**3. Relation Back of Amended Complaints under Rule 15(c)**

When a plaintiff seeks to add a new claim or a new defendant to a lawsuit via an amended complaint after the statute of limitations has expired, the court must decide whether the amended pleading "relates back" to the date of the original pleading in the case. FED. R. CIV. P. 15(c). If the relation-back criteria are not met, the claim or defendant should be dismissed. In the case of a newly-asserted claim, it must have arisen "out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." FED. R. CIV. P. 15(c)(1)(B).

Rule 15(c)(1)(C) governs where the amended pleading proposes to add a new party or change the name of a party. In that situation, the court makes two inquiries:

> [W]hether the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake, would have sued him instead or in addition to suing the named defendant; and second, whether, even if so, the delay in the plaintiff's discovering his mistake impaired the new defendant's ability to defend himself. "A potential defendant who has not been named in a lawsuit by the time the statute of limitations has run is entitled to repose—unless it is or should be apparent to that person that he is the beneficiary of a

6

mere slip of the pen, as it were."

*Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 559–60 (7th Cir. 2011) (quoting *Rendall–Speranza v. Nassim,* 107 F.3d 913, 918 (D.C. Cir. 1997); and citing *Wood v. Worachek,* 618 F.2d 1225, 1230 (7th Cir. 1980)); *see also Rodriguez v. McCloughen*, __ F.4th __, No. 22-1259, 2022 WL 4494294, at *1 (7th Cir. Sept. 28, 2022) (substitution of Doe defendant must be made before the statute of limitations expires). Notably, the naming of a "John Doe" defendant does not constitute a "mistake" within the meaning of Rule 15(c)(1)(C)(ii); it is a conscious choice made by a plaintiff based on inadequate knowledge. *Herrera v. Cleveland*, 8 F.4th 493, 498-99 (7th Cir. 2021), *cert. denied*, 142 S. Ct. 1414 (2022)

## ANALYSIS

Defendants concede for the purposes of their motion that Walker's initial Complaint (Doc. 2), which was severed into this action, can be deemed to have been filed on February 26, 2016, the date it was sent to the Court via email. (Doc. 125, pp. 4, 6; Doc. 1, p. 2); *Walker v Unknown*, Case No. 15-786-MAB (Docs. 33, 128). In that pleading, Walker raised claims based on incidents that occurred between April 2013 and December 2014. (Doc. 2, pp. 3-5). Defendants assert that many of the allegations in the initial Complaint were untimely when they were brought in February 2016 and remain untimely as carried forward into the Third Amended Complaint. (Doc. 125, pp. 4-5). Further, Walker did not identify and add Defendant Warhausen to the claim in Count 1 until after the two-year statute of limitations had run, thus

7

Defendants seek to dismiss him from the case. (Doc. 125, pp. 5-6).

**Count 1 – Access to Courts/Habeas Petition, Bramlet, Knust, Warhausen**

Defendants do not challenge the portion of Count 1 against Bramlet and Knust, where Walker claims that these Defendants hindered his efforts to file a habeas corpus petition such that the petition was dismissed in August 2014, and Walker did not learn of its dismissal in time to file a timely appeal. (Doc. 103, p. 19). Walker included this claim against these Defendants in his initial Complaint, which was timely submitted less than two years after the 2014 incident(s). (Doc. 2, ¶ 28).

However, the initial Complaint did not mention Warhausen or a John Doe in connection with this claim. *Id.* Walker first included "John Doe 1" in this claim on October 2, 2019, when he tendered his Second Amended Complaint. (Doc. 21, pp. 4-5; Doc. 22). He later identified Warhausen as John Doe 1 in a September 17, 2020, motion. (Doc. 75).

Walker argues that the Court's directive for him to file an amended complaint in 2019 "regenerated" the timeline for him to amend. (Doc. 133, pp. 2, 4, 7-8). While Walker did file his amended complaints by the deadlines set by the Court, it is a different matter to determine whether his claims were brought within the applicable statute of limitations or whether the amended pleading will relate back to the initial Complaint. The statute of limitations is not re-set by a Court's directive to submit an amended complaint by a date certain.

Walker further asserts that he filed grievances against Defendant Warhausen "as late as June 11, 2013" and exhausted the grievance appeal on October 1, 2013.

8

(Doc. 133, pp. 7-8). He claims he would have timely amended his complaint to include Warhausen if the Court had not overlooked his initial proposed complaint until the April 23, 2019 severance and the July 18, 2019 merit review order. This point might have more traction if Walker had named Warhausen in the Second Amended Complaint, submitted on October 2, 2019. Walker did not include Warhausen in this pleading, as he claims in his response to the motion to dismiss. (Doc. 133, p. 8). Instead, the Second Amended Complaint identified the new Defendant as John Doe 1 (Doc. 21, p. 5; Doc. 22), and Walker did not move to substitute Warhausen by name until September 17, 2020. (Doc. 75). Finally, the pendency of Walker's grievance against Warhausen would have tolled the two-year statute of limitations such that it would not start to run until the final grievance decision on October 1, 2013. But this does not save the claim against Warhausen, because Walker's initial Complaint was not submitted until February 26, 2016, more than two years later.

No circumstances here would entitle Walker to equitable tolling of the statute of limitations. Equitable tolling may apply "if the defendant has actively misled the plaintiff, or if the plaintiff has been prevented from asserting his or her rights in some extraordinary way." *Rosado v. Gonzalez*, 832 F.3d 714, 717 (7th Cir. 2016) (quoting *Clay v. Kuhl*, 727 N.E.2d 217, 223 (Ill. 2000)). Walker knew about Warhausen's potential liability when he filed a grievance against him in 2013, well before initiating this lawsuit. He could have included Warhausen in the initial 2016 Complaint, and the delay in naming him until 2020 does not represent due diligence.

Walker did not name John Doe 1 or Warhausen in connection with Count 1 in

9

the initial February 2016 Complaint, did not add John Doe 1 to the claim until the October 2019 Second Amended Complaint, and did not identify Warhausen as a party until September 2020. As such, it cannot be said that Walker's initial omission of Warhausen from the claim was a "mistake concerning the proper party's identity" within the meaning of Rule 15(c)(1)(C)(ii) that would allow relation back of this claim. Warhausen will therefore be dismissed from Count 1, and this claim will proceed only against Bramlet and Knust.

**Count 2 – Access to Courts/Mail Withheld/Delayed, Warhausen**

Walker alleges in the Third Amended Complaint that the incidents giving rise to this claim occurred in May, July, and August 2013. As with Count 1 above, Walker never included Warhausen in the initial Complaint in February 2016 or in the Second Amended Complaint in October 2019. Further, Walker's initial Complaint did not include any claim for withholding mail, untimely mailing, or any other interference with his mail. (Doc. 2, pp. 3-6). Because the initial Complaint did not include this claim in any form, Count 2 in the amended pleadings does not relate back to the date of the original Complaint. *See* FED. R. CIV. P. 15(c)(1)(B). Count 2 will therefore be dismissed.

**Count 3 – Access to Courts/Library Access, Bramlet, Knust, Ellis, Smolak**

This claim is based on these Defendants allegedly denying Walker access to the law library to research in August-November 2013 when he had upcoming court deadlines. (Doc. 102, pp. 3-4; Doc. 103, pp. 20-21).

As to the substance of Count 3, Walker's initial February 2016 Complaint

10

included the claim that Ellis denied him access to the law library in October 2013 by requiring him to return to his cell to use the bathroom – the same allegation he includes in the Third Amended Complaint. (Doc. 2, ¶ 24). Walker also included these allegations in the Second Amended Complaint (Doc. 22, p. 19; Doc. 21, pp. 4-5). Count 3 against Ellis thus satisfies the relation-back criteria in Rule 15(c)(1)(B).

Bramlet and Knust were also named as Defendants in the initial Complaint, where Walker alleged that Bramlet refused to give him a copy of his grievance in August 2013 (Doc. 2, ¶ 22), Knust and Bramlet refused to give him legal supplies from the library in June 2014 (Doc. 2, ¶ 25), and Knust and Bramlet refused to give him access to the library and copies of legal materials in December 2014 (Doc. 2, ¶ 28). These allegations and associated dates do not exactly line up with the claim designated as Count 3, however, the initial Complaint generally alleged that Defendants unconstitutionally deprived him of library access over this period of time. (Doc. 2, p. 6). Liberally construing Walker's pleadings, the Court is satisfied at this stage that Count 3 in the Third Amended Complaint asserts a claim against Knust and Bramlet that arose out of the conduct that Walker attempted to set out in his original pleading and thus relates back to the initial February 2016 Complaint. *See* FED. R. CIV. P. 15(c)(1)(B).

However, the question remains whether Walker brought his claims against Ellis, Knust, and Bramlet within the two-year statute of limitations when he submitted the February 26, 2016, pleading. The Third Amended Complaint asserts that Walker filed grievances against Bramlet, Knust, and Ellis (and Smolak) related

11

to the incidents he complains of. (Doc. 103, p. 21). Walker further states in his response to the motion that he filed grievances against Bramlet, Knust, and Ellis as late as Oct 7, 2013. (Doc. 133, p. 12). However, neither the Third Amended Complaint nor Walker's response discloses when that grievance process was completed. It is very possible that, if Walker pursued those grievances through the entire appeal process, administrative exhaustion may not have been completed until February 26, 2014 or later, tolling the running of Walker's two-year filing deadline. In that event, his February 26, 2016, initial Complaint would be timely as to matters included in the grievance(s) tolling the time frame. The Court cannot determine from the face of the Third Amended Complaint when this tolling might have ended – extraneous evidence will be necessary to answer this question.[5] Accordingly, dismissal of Count 3 against Bramlet, Knust, and Ellis under Rule 12(b)(6) is not appropriate.

The analysis as to Defendant Smolak differs. Smolak was not included among the Defendants in the initial February 2016 Complaint; he was not named until the Second Amended Complaint. The allegation in that pleading against Smolak was designated as Count 6 for denial of a "legal exchange" in 2014 to access Walker's excess property box. (Doc. 21, p. 4; Doc. 22, p. 21). The Court dismissed Smolak and Count 6 without prejudice for failure to state a claim. (Doc. 21, pp. 8, 13). The Third Amended Complaint presents a new claim against Smolak for the 2013 alleged denial of library access. As such, it does not fit the Rule 15(c)(1)(B) criteria for relation back

---

[5] Walker's Third Amended Complaint, with exhibits, totals 300 pages. (Doc. 103). Neither Walker nor Defendants have pointed to any documents that might shed light on the tolling question, and the Court will not parse the exhibits at this stage to find the needle in this haystack, if it exists.

to the original complaint. Smolak will be dismissed from Count 3 and from the action.

To summarize, Count 3 will proceed only against Bramlet, Knust, and Ellis.

**Count 4 – Access to Courts/Legal Materials/Library Access, Bramlet, Knust**

This claim asserts that Bramlet and Knust did not provide Walker with legal materials or adequate access to the law library in January 2014, which led to the dismissal of Walker's FOIA case. (Doc. 103, p. 21; Doc. 102, p. 4). Again, this specific allegation was not included in the initial February 2016 Complaint, but the claim does align with the time frame Walker identified (August 2013-December 2014) and fits within his general allegation of Bramlet's and Knaust's conduct that deprived him of library access and legal materials. (Doc. 2, pp. 4-6). As such, the substance of Count 4 relates back to Walker's initial February 2016 Complaint. *See* FED. R. CIV. P. 15(c)(1)(B).

As to the statute of limitations, this claim arose in January 2014. If Walker failed to include this conduct in a grievance, the February 26, 2016 Complaint would have been filed too late. But if Walker did grieve Bramlet and Knaust's January 2014 conduct, the pendency of that grievance would most likely have tolled the running of the two-year timeline beyond February 26, 2014, making the initial Complaint timely. This matter cannot be resolved by reference to the face of the Third Amended Complaint, which is not required to set forth content that would defeat the affirmative defense of the statute of limitations. Accordingly, it cannot be said beyond doubt that Walker will not be able to sustain this claim, and dismissal under Rule 12(b)(6) is not warranted.

13

**Count 5 – Access to Courts/Missed Deadline, McCarthy, Jones, Hanks, Berry, Best, Clendenin and Does 3 and 4 (Sims)**

This claim arose in late February 2015, when Defendant McCarthy cancelled Walker's previously-scheduled legal exchange to access his property storage boxes to work on a response to a March 13, 2015, court deadline. (Doc. 103, pp. 22-23). John Doe 3 and 4 (later identified as Billy Sims) put Walker in segregation and denied him access to his legal materials. Jones, Hanks, Berry, Best, and Clendenin similarly failed to give Walker access to his legal property/materials. This conduct allegedly caused Walker to miss his March 2015 court deadline.

None of these Defendants were named in Walker's initial February 2016 Complaint. He first identified most of them in the October 2019 Second Amended Complaint, where the Court designated this claim as Count 9. (Doc. 21, pp. 4-5; Doc. 22, pp. 21-22). The Third Amended Complaint includes the same allegations and adds Defendant Jones and John Doe 3 and 4. (Doc. 103, p. 22-23). Because Walker did not include McCarthy, Jones, Hanks, Berry, Best, Clendenin, or a John Doe in his initial Complaint, Rule 15(c)(1)(C) does not permit the late addition of these parties, more than two years after the claim arose. Count 5 will therefore be dismissed.

**Count 6 – Access to Courts/Library Access/Legal Exchange, John Doe 7 (Mezo), Clendenin**

This claim concerns a court deadline in January 2016 which John Doe 7 (later identified as Thomas T. Mezo) and Clendenin allegedly caused Walker to miss by denying him access to his stored documents and timely access to the law library. (Doc. 103, p. 25). Again, Plaintiff did not name Clendenin, a John Doe, or Mezo in the initial

14

February 2016 Complaint. He first articulated this claim in the October 2019 Second Amended Complaint, where it was designated as Count 10. (Doc. 21, pp. 5-6; Doc. 22, pp. 26-27). As with Count 5, the addition of Clendenin and Doe 7/Mezo in October 2019 after the two-year statue of limitations had expired, does not meet the requirements of Rule 15(c)(1)(C), and Count 6 will be dismissed.

**Count 15 – Retaliation, Clendenin**

For the same reason explained in Counts 5 and 6, this retaliation claim against Clendenin for denying Walker's request for the administrative directive rules and index for attorney calls in February 2016 is subject to dismissal. Clendenin was not named in the initial February 2016 Complaint and Walker did not raise this claim against her until the October 2019 Second Amended Complaint (where it was designated as Count 14), well beyond the two-year statute of limitations. (Doc. 22, p. 27; Doc. 21, p. 27). Count 15 will also be dismissed.

## DISPOSITION

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 125) is **GRANTED IN PART** insofar as Defendant **Warhausen** (misspelled on the docket as "Warhasuen") is dismissed from Count 1 and from the action; Defendant **Smolak** is dismissed from Count 3 and from the action, and **Counts 2, 5, 6, and 15** are **DISMISSED** from the action. Defendants **McCarthy, Jones, Hanks, Berry, Best, Clendenin, Sims, and Mezo** are **DISMISSED** from the action. The motion is **DENIED IN PART** in all other respects.

Defendant Warden **Anthony Wills** (official capacity only) is also **DISMISSED** from the action, as he was a party (substituted for the former Wardens) only for the purpose of identifying the John Does, who have now all been named. (*See* Doc. 21, p. 13; Doc. 102).

**Count 1** against Bramlet and Knust, **Count 3** against Bramlet, Knust, and Ellis, and **Count 4** against Bramlet and Knust remain in the action and shall proceed.

Ellis shall answer the Third Amended Complaint pursuant to Rule 12(a)(4)(A).

**IT IS SO ORDERED.**

**DATED:  September 30, 2022**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**United States District Judge**