IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAMES E. WALKER, #R02343,**<br><br>　　　　**Plaintiff,**<br><br>v.<br><br>**KIMBERLY BUTLER, et al.,**<br><br>　　　　**Defendants.** | **Case No. 3:19-cv-00445-SPM** |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Plaintiff James Walker filed this action seeking to recover damages for an alleged violation of his First Amendment rights by personnel at Sheridan Correctional Center. (*See* Doc. 2). This Court granted Defendants' Motion for Summary Judgment on December 12, 2024. (*See* Doc. 183).

Now pending before the Court is the Bill of Costs filed by Defendants Bramlet, Knust, and Ellis on December 16, 2024. (Doc. 185). In that filing, Defendants seek to recover $500.75 in fees paid to obtain the transcript of Walker's deposition. (*See id.*).

Walker timely filed his Objections to the Bill of Costs on January 2, 2025, arguing that Defendants are not acting in good faith and that he "has endured a long history of expenses associated with this case and shouldn't have to continue paying fees." (Doc. 187, pp. 1-2). Defendants filed a reply, arguing that "[p]laintiff has more than Seventeen Hundred dollars sitting in his trust fund and has not been indigent in months." (Doc. 188, p. 3).

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than

attorney's fees—should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. "The rule provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006).

However, costs do not include all litigation expenses. Rather, costs are particular statutorily defined categories of incurred charges worthy of reimbursement. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987); *Hairline Creations, Inc. v. Kefalas*, 664 F.2d 652, 655 (7th Cir. 1981). 28 U.S.C. § 1920 sets forth the categories of expenses which properly may be taxed, including:

1) Fees of the clerk and marshal;
2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
3) Fees and disbursements for printing and witnesses;
4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
5) Docket fees under [S]ection 1923 of this title;
6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [S]ection 1828 of this title.

The Court recognizes its discretion to decline an award of costs based upon the indigence of a party against whom costs are sought. *See Rivera*, 469 F.3d at 634. To consider the indigence exception, the Court must conduct a two-step analysis: (1) the Court "must make a threshold factual finding that the losing party is 'incapable of paying the court-imposed costs at this time or in the future'"; and (2) the Court "should consider the amount of the costs, the good faith of the losing party, and the closeness

and difficulty of the issues raised by [the] case." *Id.* at 635 (quoting *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)). The burden of threshold factual finding of a party's inability to pay is placed on the losing party and should be supported by documentation in the form of "an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Id.*

Here, however, the Court finds that Walker has not met his threshold burden of showing that he is incapable of paying. Walker, in his affidavit, fails to allege that he is indigent. He merely argues that because the case was lengthy and that he was mandated by court order to be deposed, he should not be forced to pay. However, these arguments are insufficient under *Rivera*. Moreover, his prison trust fund account statement indicates that he currently has more than $1,700 on-hand. (*See* Doc. 188-1, p. 3). Thus, the Court finds that Walker has not met his burden to show that he is incapable of paying the assessed costs either now or in the future. The Court also finds that the amount of the transcript cost was reasonable, and the issues raised by the case were not a close call. The Court, therefore, cannot rely on the indigency exception to deny Defendants' costs.

Accordingly, based on the submissions of the parties and on the Court's findings, Plaintiff James Walker's Objection to Bill of Costs (Doc. 187) is **OVERRULED**. Defendants' Bill of Costs (Doc. 185) is **ACCEPTED**. The Clerk of Court is **DIRECTED** to tax Walker in the amount of $500.75.

**IT IS SO ORDERED.**

**DATED: January 24, 2025**

*s/ Stephen P. McGlynn*

**STEPHEN P. McGLYNN**
**U.S. District Judge**